FILED
SUPERIOR COURT
OF GUAM

2023 SEP 11 PM 2:00

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>vs.<br><br>**MARKO OMWERE,**<br>DOB: 12/17/1978<br><br>Defendant. | **CRIMINAL CASE NO. CF0724-16**<br>**GDP Report No. 16-33761**<br><br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

This matter came before the Honorable Dana A. Gutierrez on June 16, 2023 for a continued hearing on Defendant Marko Omwere's ("Omwere") Motion for Reduction of Sentence ("Motion for Reduction").[1] Present at the hearing was Omwere with counsel Assistant Public Defender ("Asst. PD") William Bischoff and Assistant Attorney General ("AAG") Basil O'Mallan for the People of Guam.[2] Based upon a review of the arguments presented and the applicable law, the Court hereby **DENIES** Omwere's Motion for Reduction.

## BACKGROUND

On December 19, 2016, Omwere was indicted on six charges: First Charge of HOME INVASION (As a 1st Degree Felony); Second Charge of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony) - *5 counts* with SPECIAL ALLEGATION: Use of a Deadly Weapon in the Commission of a Felony, *5 counts*; Third Charge of FIRST DEGREE

---

[1] The first hearing on the Motion for Reduction was held on April 28, 2023. At the April 28, 2023 hearing, present was Omwere with counsel Assistant Public Defender William Bischoff, Assistant Attorney General Christine Tenorio for the People of Guam, and a Chuukese interpreter.
[2] A Chuukese interpreter was present at the hearing.

CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony) - *5 counts*; Fourth Charge of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony); Fifth Charge of Burglary (As a 2nd Degree Felony); and Sixth Charge of KIDNAPPING (As a 2nd Degree Felony).

On April 5, 2017, a jury returned verdicts finding Omwere guilty of the following charges: First Charge of HOME INVASION (As a 1st Degree Felony); Second Charge of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony) - *5 counts* with SPECIAL ALLEGATION: Use of a Deadly Weapon in the Commission of a Felony, *5 counts*; Fifth Charge of Burglary (As a 2nd Degree Felony); and Sixth Charge of KIDNAPPING (As a 2nd Degree Felony).

At the April 5, 2017 return of the jury verdict, the Honorable Michael J. Bordallo informed the parties that the jury had not completed the verdict forms for the Third Charge of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony) - *5 counts* and the Fourth Charge of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (As a 1st Degree Felony). *See* Min. Entry, at 4:49:23 p.m. (April 5, 2017). After discussion with the parties, the People and the Defendant agreed to dismiss these charges with prejudice. Am. Judg., at 3 (Sept. 9, 2022).

On July 24, 2017, a Sentencing Hearing was held. At the July 24, 2017 Sentencing Hearing, Judge Bordallo sentenced Omwere to thirty (30) years plus life imprisonment with the possibility of parole. *See* Min. Entry, at 9:31:02-9:32:27 AM (July 24, 2017). On August 11, 2017, the Court issued a Judgment, formalizing Omwere's sentence in writing. Judgment, at 5

(Aug. 11, 2017). The Judgment did not state that the third and fourth charges were dismissed. *See id.*

Omwere timely appealed the Judgment to the Supreme Court of Guam. *See People v. Omwere,* 2019 Guam 17 ¶ 11. On October 7, 2019, the Supreme Court issued a Judgment and Opinion, affirming the Superior Court's judgment and sentence. On October 29, 2019, the Supreme Court issued a Mandate.[3]

On April 1, 2022, a Status Hearing was held. At the Status Hearing, the parties discussed the July 24, 2017 Judgment and whether the Court properly disposed of the third and fourth charges. *See* Min. Entry (April 1, 2023). On May 6, 2022, a second Status Hearing was held. After discussion among the parties and hearing no objection, the Court stated it would issue an amended judgment to properly dismiss the third and fourth charges. *See* Min. Entry (May 6, 2022).

On September 9, 2022, the Court issued an Amended Judgment. The Amended Judgment stated that it was "issued to reflect that the Third Charge . . . and the Fourth Charge . . . were dismissed with prejudice by the Honorable Michael J. Bordallo upon a return of the jury verdicts on April 5, 2017." Am. Judg., at 1 (Sept. 9, 2022).

On December 27, 2022, Omwere filed his Motion for Reduction. On December 29, 2022, the People filed an Opposition to a Reduction of Sentence ("Opposition"). On April 28, 2023, a Motion Hearing was held. Based on discussion regarding the applicability of 8 GCA § 120.46, the Court ordered supplemental briefing.

---

[3] On July 29, 2020, the Honorable Dana A. Gutierrez was assigned to this matter.

On May 5, 2023, the People filed a Supplemental Brief re Defendant's Motion for Reduction (People's Supplemental Brief"). On June 12, 2023, Omwere filed a Supplemental Memorandum re Motion for Reduction ("Omwere's Supplemental Memo"). On June 19, 2023, a continued Motion Hearing was held. Upon hearing arguments presented, the Court took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

The issue before the Court is whether the Court may consider reducing Omwere's sentence under 8 GCA § 120.46.

8 GCA § 120.46 provides that:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 GCA § 120.46. Therefore, there are three opportunities when a court may reduce a sentence.

### 1. Omwere Failed to File His Motion for Reduction within 120 Days of the Imposition of the Sentence

Omwere "moves the court to reduce his sentence." Mot. for Reduction, at 1. Omwere claims his motion "is probably timely" because he filed it on December 27, 2022 which was "within 120 days" of the Court's September 9, 2022 Amended Judgment. Suppl. Memo, at 2 (June 12, 2023). The People oppose Omwere's Motion and claim that it "comes well after the 120-day deadline" and that "[t]he amended judgment issued did not affect the time period to file

a motion to reduce because it did not alter the sentence imposed . . . ." Suppl. Brief, at 3 (May 5, 2023).

As stated above, one instance when a court may consider reducing a sentence is "within one hundred twenty (120) days after the sentence is imposed." 8 GCA § 120.46; *People of Territory of Guam v. Cepeda*, 1986 WL 68898, at *3 (D. Guam App. Div. 1986) (finding a defendant must move within one hundred twenty (120) days after the imposition of a sentence).

For the purposes of 8 GCA § 120.46, the imposition of sentencing refers to "the oral pronouncement of sentence upon the defendant in the courtroom." *See Cepeda*, 1986 WL 68898, at *3 (finding a defendant's motion for reduction of a sentence was untimely when it was filed one hundred twenty-one (121) days after the oral pronouncement of a sentence).

In this case, the Sentencing Hearing was held on August 11, 2017. At the August 11, 2017 Sentencing Hearing, Judge Bordallo made an oral pronouncement of Omwere's sentence. While the parties disagree on the applicability of the Amended Judgment, the Court does not find the Amended Judgment to be relevant because there was only one oral pronouncement of the sentence and it was on August 11, 2017 and remains unaltered. Therefore, pursuant to 8 GCA § 120.46, Omwere had one hundred twenty (120) days to file a motion from the date of the August 11, 2017 Sentencing Hearing, and thus, Omwere's December 27, 2022 Motion for Reduction was not filed within the applicable time

2.      **Omwere Failed to File His Motion for Reduction within 120 days of the Issuance of the Judgment, Opinion, or Mandate of the Supreme Court**

With regard to the other two (2) opportunities to file a motion under 8 GCA § 120.46, a party has one hundred twenty (120) days to move the court "after receipt by the court of a

mandate" or "after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction." 8 GCA § 120.46.

In this case, the Supreme Court issued its Opinion and Judgment, affirming the Superior Court's judgment on October 7, 2019. The Supreme Court then issued its Mandate in this matter on October 29, 2019. However, as stated above, Omwere did not file his Motion for Reduction until December 27, 2022. Therefore, upon review, Omwere failed to file his motion within the one hundred twenty (120) day timeline as required by 8 GCA § 120.46.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Omwere's Motion for Reduction.

**SO ORDERED:** _____SEP 1 1 2023_____

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**